UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------x

VERNE DAVIDSON,
    Plaintiff,

    v.

                        Docket No. 05- 30094 2: 35 MAP

SPRINGFIELD FOOD SERVICE
CORP. and PERFORMANCE FOOD
GROUP,
    Defendants.

-------------------------------------------x

## COMPLAINT AND DEMAND FOR A JURY TRIAL

### INTRODUCTION

1.  Plaintiff Verne Davidson brings this action for equitable relief and compensatory and punitive damages against defendants Springfield Food Service Corp. and Performance Food Group under the federal Family and Medical Leave Act, requiring that employers provide their employees with leave and Massachusetts laws against discrimination on the basis of his membership in protected classifications and for retaliation for exercising his rights under the Workers' Compensation Act.

2.  The defendants wrongfully refused to engage in good faith in an interactive process with Plaintiff regarding his request for reasonable accommodations in the terms and conditions of his employment, failed to provide him with reasonable accommodations in the terms and conditions of his employment due to his disability, and wrongfully discharged him from his

employment with the defendants based on his membership in a protected class in violation of M.G.L. c. 151B.

3.  The defendants denied the plaintiff of rights and benefits to which he was entitled under the Family and Medical Leave Act.

4.  Plaintiff seeks declaratory and equitable relief designed to assure that the defendant discontinues its illegal practices.

5.  Plaintiff also seeks compensation for the grave harm he suffered as a result of the illegal actions and omissions of the defendant.

## JURISDICTION and VENUE

6.  This suit is brought and jurisdiction lies pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

7.  All conditions precedent to jurisdiction under M.G.L. c. 151B have occurred or been complied with:

   a.  A charge of discrimination on the basis of Mr. Davidson's qualifying disability under M.G.L. c. 152 § 75B(1), race and age was timely filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory action alleged in the charge.

   b.  A request for dismissal and notification of rights was granted by the MCAD and this complaint is filed within 3 years of the discriminatory acts claimed in the MCAD charge.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampden in the Commonwealth of Massachusetts and each of the defendants conduct or conducted  business and have substantial business contacts in the Commonwealth of Massachusetts.

### PARTIES

9.    The plaintiff, Verne Davidson, is a 43 year old African American man.

10.    The defendant, Springfield Food Service Corporation ("SFC") is a privately held corporation with a principal place of business at 340 Taylor Street, Springfield, MA 01101.

11.    SFC is an "employer" within the meaning of M.G.L. c. 151B, § 1.

12.    SFC is an employer for purposes of 29 U.S.C. § 2611.

13.    Performance Food Group ("PFG") is a publicly held corporation with a principal place of business at 340 Taylor Street, Springfield, MA 01101.

14.    PFG is a "person" and "employer" within the meaning of M.G.L. c. 151B, § 1.

15.    PFG is an "employer" within the meaning of 29 U.S.C. § 2611.

### FACTS

16.    The plaintiff began his employment with SFC on or around August 16, 1988.

17.    Upon information and belief PFG purchased SFC in or around January 2002.

18.    On or around that time the plaintiff was assigned to work with a new supervisor, Rolando Pagan.

19.    During his tenure as an employee of SFC and PFG the plaintiff was a full time stock handler.

20.    His job was filling pick slots in the warehouse with incoming goods to be shipped to retail locations.

21.    The plaintiff earned $14.25 per hour when he was terminated from his employment effective May 2, 2003.

22.    The plaintiff was a good employee and received accolades, awards and pay increases throughout his long-term employment.

23.    On April 24, 2003, the plaintiff strained his lower back on the job but did not immediately report the injury to his supervisor.

24.    The pain increased and on the following day the plaintiff left a message for his supervisor that he had hurt his back in a work-related injury and would be out of work.

25.    By April 28, 2003 the plaintiff was no longer able to work due to his back condition and called Donna Szaban in defendants' human resources department.

26.    At that time he went to see a doctor at Occupational Health and Rehabilitation, Inc., was given a course of treatment, and was unable to return to work.

4

27.    The course of treatment included taking prescribed strong pain killers for the pain related to his work-related injury.

28.    Ms. Szaban also filled out a notice of injury accident report and the plaintiff filed a worker's compensation claim relating to the back injury that occurred on April 24, 2003.

29.    Although he was initially returned to work with restrictions by the doctor effective May 1, 2003, due to his injury he was unable to return to work.

30.    While he was out of work, the plaintiff called his supervisor and human resources and left messages regarding his absence due to his injury on the job.

31.    No one from work ever returned his call.

32.    On Thursday May 1 and Friday May 2, 2003, the plaintiff continued to be in excruciating pain from his work related injury and was unable to return to work and was on strong painkillers.

33.    Defendant did not attempt to call or contact him at that time.

33.    When he returned to work the following Monday, which was within two business days of his original return to work date, and after working for about an hour, the plaintiff was informed by Ms. Szaban that he had been terminated effective May 2, 2003.

34.    The plaintiff was told that his termination was due to his "failure to report to work for two consecutive days."

35.    This reason is pretextual and contrary to an explicit company policy.

5

36.    The plaintiff was replaced by a younger, non-African American, non-disabled employee.

37.    There is a pattern and practice of treating African American employees more harshly.

38.    The plaintiff was never apprised of his rights granted under the Family and Medical Leave Act and was terminated in violation of the rights granted to him under that Act.

## COUNT I

### (VIOLATION OF M.G.L. c. 151B –
### DISCRIMINATION ON ACCOUNT OF DISABILITY
### AS SET FORTH IN M.G.L. C. 152 §75 (B)(1) )

39.    Plaintiff repeats the allegations set forth in paragraphs 1 through 33 above, and incorporates those allegations as if fully set forth herein.
The actions and omissions of the defendants constitute unlawful discrimination against Plaintiff on the basis of his qualifying disability under M.G.L. c. 152 §75 (B)(1), in violation of M.G.L. c. 151b, § 4(16).

40.    The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## COUNT II

### (VIOLATION OF M.G.L. c. 151B – –
### DISCRIMINATION ON ACCOUNT OF DISABILITY
### AS SET FORTH IN M.G.L. C. 152 §75 (B)(1) --
### FAILURE TO REASONABLY ACCOMODATE)

6

41.    Plaintiff repeats the allegations set forth in paragraphs 1 through 36 above, and incorporates those allegations as if fully set forth herein.

42.    The actions and omissions of the defendants, including their failure to reasonably accommodate his disability, constitute unlawful discrimination against Plaintiff on the basis of his disability, in violation of M.G.L. c. 75B(1) and M.G.L. c. 151b, § 4(16).

43.    The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### COUNT III

### (VIOLATION OF M.G.L. c. 151B – DISCRIMINATION ON ACCOUNT OF RACE)

44.    Plaintiff repeats the allegations set forth in paragraphs 1 through 39 above, and incorporates those allegations as if fully set forth herein.

45.    The actions and omissions of the defendants constitute unlawful discrimination against Plaintiff on the basis of his race, in violation of M.G.L. c. 151b, § 1.

46.    The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary

7

losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## COUNT IV

### (VIOLATION OF M.G.L. c. 151B – DISCRIMINATION ON ACCOUNT OF AGE)

47.    Plaintiff repeats the allegations set forth in paragraphs 1 through 42 above, and incorporates those allegations as if fully set forth herein.

48.    The actions and omissions of the defendants constitute unlawful discrimination against Plaintiff on the basis of his age, in violation of M.G.L. c. 151b, § 1B.

49.    The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## COUNT V

### (VIOLATION OF M.G.L. c. 75B(2) – RETALIATION FOR EXERCISING RIGHTS UNDER THE WORKERS' COMPENSATION ACT)

50.    Plaintiff repeats the allegations set forth in paragraphs 1 through 45 above, and incorporates those allegations as if fully set forth herein.

51.    The actions and omissions of the defendants constitute unlawful discrimination against Plaintiff on the basis of his exercise of rights under the Workers' Compensation Act in violation of M.G.L. c. 75B(2).

8

52.    The discriminatory actions and omissions of the defendant have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### COUNT VI

### (VIOLATION OF 29 U.S.C. § 2615 VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT)

53.    Plaintiff repeats the allegations set forth in paragraphs 1 through 45 above, and incorporates those allegations as if fully set forth herein.

54.    The actions and omissions of the defendants constitute unlawful interference, retaliation and discrimination against Plaintiff on the basis of rights granted to him under the Family and Medical Leave Act 29 U.S.C. § 2615.

55.    The illegal actions and omissions of the defendant have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### PRAYER FOR RELIEF

Plaintiff prays the Court to grant him the following relief:

1.    That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendant discontinue its illegal practices.

2.     That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus appropriate interest on any such award.

3.     That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4.     That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5.     That the plaintiff be awarded such other relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

THE PLAINTIFF SEEKS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

PLAINTIFF VERNE DAVIDSON
By:

His attorney
Suzanne Garrow BBO# 636548
Heisler, Feldman & McCormick, PC
1145 Main Street, Ste. 508
Springfield, MA 01103
sgarrow@comcast.net
Phone (413) 788-7988

Dated: April 22, 2005

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*Verne Davidson*

**DEFENDANTS** Springfield Food Srv. Corp Performance Food Group

**(b)** County of Residence of First Listed Plaintiff **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hampden**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's *Suzanne Garrow*
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 385 Property Damage Product Liability | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☒ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*Family + Medical Leave Act   29 USC § 2615*

Brief description of cause:
*wrongful termination, discrimination + violation of 29 USC § 2615*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *unknown inc.*
*last wages benefits*
*emotional damages, punitives*

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____ DOCKET NUMBER _____

DATE *4/21/2005*

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



*305923*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)

    Verne Davidson v.  Springfield Food Service Corp. et al.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | | | |
|---|---|---|---|
| ___ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
| x | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| ___ | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ___ | V. | 150, 152, 153. | |

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO **X**

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO **X**

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO **X**

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO **X**

7.  Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES **X**    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☐    Central Division ☐    Western Division **X**

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Suzanne Garrow

ADDRESS    Heisler, Feldman & McCormick, 1145 Main Street, Suite 508, Springfield, MA 01103

_TELEPHONE NO.    413-788-7988