*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| VERNE DAVIDSON,<br>    Plaintiff,<br><br>            v.<br><br>SPRINGFIELD FOOD SERVICE CORP. and PERFORMANCE FOOD GROUP,<br>    Defendants. | CASE NO. 05-CV-30094-MAP<br><br>**ANSWER TO COMPLAINT** |

Now comes Springfield Food Service Corporation and Performance Food Group, Inc., defendants in the above-captioned matter, and pursuant to the Federal Rules of Civil Procedure, Answer the Complaint in this matter as follows:

**INTRODUCTION**

1. The allegations in Paragraph 1 are introductory in nature, hence no answer is required. To the extent an answer is required, these allegations are denied.

2. The allegations in Paragraph 2 constitute legal conclusions, hence no answer is required. To the extent an answer is required, these allegations are denied.

3. The allegations in Paragraph 3 constitute legal conclusions, hence no answer is required. To the extent an answer is required, these allegations are denied.

4. The allegations in Paragraph 4 describe the relief sought, hence no answer is required. To the extent an answer is required, these allegations are denied.

5. The allegations in Paragraph 5 describe the relief sought, hence no answer is required. To the extent an answer is required, these allegations are denied.

## JURISDICTION and VENUE

6. Defendants admit only that jurisdiction over the plaintiff's present claims is vested in this Court.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit that venue in this district is proper, but deny the remaining allegations contained in Paragraph 8.

## PARTIES

9. Defendants admit that the plaintiff, Verne Davidson, is an African- American man, but deny that he is 43 years of age. Based on company records, plaintiff is 44 years of age.

10. Defendants deny that the defendant, Springfield Food Service Corporation ("SFC") is a privately held corporation, but they admit that SFC's principal place of business is located at 340 Taylor Street, Springfield, MA 01101 Further answering, SFC is a wholly owned subsidiary of Performance Food Group, Inc.

11. Defendants admit that SFC is a "person" and "employer" within the meaning of M.G.L. c. 151B, § 1.

12. Defendants admit that SFC is an "employer" for the purposes of 29 U.S.C. § 2611.

13. Defendants admit that Performance Food Group, Inc. ("PFG") is a publicly-traded corporation with a principal place of business in Richmond, Virginia, but denies that PFG has a place of business at 340 Taylor Street, Springfield, MA 01101.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

## FACTS

16. Defendants admit that the plaintiff began his employment with SFC on or around August 16, 1988.

17. Defendants deny the allegations contained in Paragraph 17. Further answering, Defendants state that PFG purchased SFC on or about September 12, 2001.

18. Defendants deny the allegations in Paragraph 18 as written. Further answering, Defendants state that Rolando Pagan became plaintiff's supervisor in the Fall of 2002.

19. Defendants admit that plaintiff was a stock handler during his tenure as an employee of SFC.

20. Defendants admit that plaintiff's job duties as a stock handler included filling pick slots in the warehouse with incoming goods to be shipped to retail locations.

21. Defendants admit that plaintiff's hourly rate of pay was $14.25 when he was terminated from his employment.

22. Defendants admit that plaintiff performed his job duties at a satisfactory level.

23. Defendants are without sufficient information as to whether plaintiff actually strained his lower back on the job on April 24, 2003; Defendants admit that he did not immediately report the injury to his supervisor Rolando Pagan.

24. Defendants admit only that plaintiff left a telephone message that he had hurt his back at work, but deny the remaining allegations of Paragraph 24.

25. Defendants admit that the plaintiff telephoned human resources representative, Donna Szaban, on April 28, 2003 and told her that he injured his back on the job

      on April 24, 2003. Defendants deny the remaining allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26 as written. Further answering, the plaintiff was examined at Occupational Health and Rehabilitation, Inc. on April 29, 2003 at which time he was directed to refrain from work on April 29 and 30 but to return to work, with some restrictions, on May 1.

27. Defendants are without sufficient information as to whether plaintiff was receiving strong pain killers for the pain related to his alleged work-related injury, and, thus, denies those allegations.

28. Defendants admit that Ms. Szaban filled out a notice of injury accident report, but Defendants deny that the plaintiff filed a worker's compensation claim relating to the back injury that occurred on April 24, 2003.

29. Defendants admit that the plaintiff was medically cleared to return to work on May 1, 2003 but they deny that he was unable to do so because of his injury.

30. Defendants admit that on or about April 28, 2003 the plaintiff left a telephone message for his supervisor, Rolando Pagan to report his alleged injury of April 24, 2003. In addition, Defendants admit that on or about April 28, 2003 the plaintiff telephoned human resources and spoke with Donna Szaban, to report his alleged injury of April 24, 2003. Defendants deny that plaintiff left any other messages regarding his absence due to his injury on the job or that he spoke with Mr. Pagan or Ms. Szaban between the time of his first message/call to them and May 3, 2003.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny that on May 1 and 2, 2003, the plaintiff continued to be in excruciating pain from his work related injury and was unable to return to work.

33. Defendants deny the allegations contained in Paragraph 33.

33. [sic] Defendants admit that plaintiff reported for work on May 3, 2003 and that after working for short time, the plaintiff was informed by the Human Resources Manager that he had been terminated on May 2, 2003.

34. Defendants admit that the plaintiff was terminated was due to his "failure to report to work for two consecutive days."

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny there is a pattern and practice of treating African American employees more harshly.

38. Defendants deny the allegations contained in Paragraph 38.

## COUNT I

### (VIOLATION OF M.G.L. c. 151B – DISCRIMINATION ON ACCOUNT OF DISABILTY)

39. Defendants repeat and re-allege their answers to paragraphs 1 through 38 above, and incorporate those answers as if fully set forth herein. Moreover, Defendants deny that they discriminated against the plaintiff on account of his alleged disability.

40. Defendants deny the allegations contained in Paragraph 40.

## COUNT II

### (VIOLATION OF M.G.L. c. 151B – – DISCRIMINATION ON ACCOUNT OF DISABILITY -- FAILURE TO REASONABLY ACCOMODATE)

41. Defendants repeat and re-allege their answers to paragraphs 1 through 40 above, and incorporate those answers as if fully set forth herein.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

## COUNT III

### (VIOLATION OF M.G.L. c. 151B – DISCRIMINATION ON ACCOUNT OF RACE)

44. Defendants repeat and re-allege their answers to paragraphs 1 through 43 above, and incorporate those answers as if fully set forth herein.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

## COUNT IV

### (VIOLATION OF M.G.L. c. 151B – DISCRIMINATION ON ACCOUNT OF AGE)

47. Defendants repeat and re-allege their answers to paragraphs 1 through 46 above, and incorporate those answers as if fully set forth herein.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

## COUNT V

### (VIOLATION OF M.G.L. c. 152, 75B(2) – RETALIATION FOR EXERCISING RIGHTS UNDER THE WORKERS' COMPENSATION ACT)

50. Defendants repeat and re-allege their answers to paragraphs 1 through 49 above, and incorporate those answers as if fully set forth herein.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

## COUNT VI

### (VIOLATION OF 29 U.S.C. § 2615 VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT)

53. Defendants repeat and re-allege their answers to paragraphs 1 through 52 above, and incorporate those answers as if fully set forth herein.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

DEFENDANTS SEEK A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff did not exercise any rights cognizable under M.G.L. c. 152, and, thus, his M.G.L. c. 152, 75b(2) claim is therefore barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on his M.G.L. c. 151B claims.

## FOURTH AFFIRMATIVE DEFENSE

Performance Food Group is not a proper party to this action.

      DEFENDANTS
      By:

      /s/ Timothy F. Murphy
      Timothy F. Murphy, Esq.
      BBO# 556429
      Counsel for Defendants
      Skoler, Abbott & Presser, P.C.
      One Monarch Place, Suite 2000
      Springfield, Massachusetts 01144
      Tel. (413) 737-4753/Fax (413) 787-1941

Dated: June 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer to Complaint* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on June 6, 2005.

      /s/ Timothy F. Murphy
      Timothy F. Murphy, Esq.