UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

--------------------------------------------------x
VERNE DAVIDSON,
                         Plaintiff,


              v.                                        Docket No. 05-30094-MAP




SPRINGFIELD FOOD SERVICE
CORP., PERFORMANCE FOOD
GROUP-SPRINGFIELD and
PERFORMANCE FOOD GROUP,
                         Defendants.
--------------------------------------------------x

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

### INTRODUCTION

Springfield Food Service Corporation, by and through its managers Charles Agganis and Peter Brunault, terminated the Plaintiff from his stocker position because Plaintiff failed, without notice or excuse, to report to work as scheduled on May 1 and 2, 2003, though physically able do so.

Plaintiff challenged this decision by filing a Charge of Discrimination with the Massachusetts Commission Against Discrimination alleging various types of discrimination.  He opted to remove his Charge of Discrimination to file a civil action in state superior court.  He later dismissed his state civil action and filed the instant matter after adding a FMLA claim to his various other discrimination and retaliation claims.

Discovery commenced and the following discovery disputes ensued.

I.    INTERROGATORIES

A.    INTERROGATORIES NOS. 10-11 and 29

10.    If the answer to the preceding Interrogatory is "yes,"[1] please provide the following information:

a.    Set forth the dates upon which the Defendants or any agent or employee of the Defendants gained such knowledge or awareness.

b.    Set forth the names, addresses and phone numbers of each person who gained such knowledge or awareness and the relationship of each such person to the Defendants, and describe in detail the manner in which each such person gained such knowledge or awareness.

c.    Describe the substance of any information received by each such person which contributed to such knowledge or awareness and the source of such information.

d.    Identify any and all documents which might be relevant to your response to this interrogatory.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

---

[1] The preceding interrogatory and Defendants response are as follows:

9.    At any time did the Defendants or any agent or employee of the Defendants have any knowledge or awareness that under certain circumstances an employer would have an obligation to reasonably accommodate the disabilities of an employee?

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, Defendants have been aware, at all relevant times, of what their legal duties are with respect to making reasonable accommodations to employees with disabilities and/or handicaps.

11. Set forth the Defendants' understanding as of April 24, 2003, of the nature and scope of an employer's obligations to reasonably accommodate the disabilities of an employee.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:**  Subject to and without waiving the above objections, Defendants have been aware, at all relevant times, of what their legal duties are with respect to making reasonable accommodations to employees with disabilities and/or handicaps.

ARGUMENT

Defendants have satisfied, in good faith, their legal obligation to respond to

Interrogatories 10 and 11.  On March 9, 2006 letter, counsel for the Defendants wrote to

Plaintiff's counsel regarding, *inter alia*, Interrogatories 10 and 11, and outlined the

reasons why Defendants' responses were proper and lawful:

> "These interrogatories are not relevant to any claim or defense in this matter. Mr. Davidson never requested a reasonable accommodation, and his complaint makes no claim for failure to reasonably accommodate. Moreover, the Defendants did reasonably accommodate Mr. Davidson's alleged work-related injury by offering him a light duty assignment based on the medical restrictions issued by Occu-Health; however, Mr. Davidson rejected this offer of accommodation by refusing to return to work.

> If the information sought by these interrogatories have any relevance, which they don't, it is confined to the decision-makers here. As written, these interrogatories force us to guess whose understanding among the potentially thousands of "agents and employees of the Defendants" you seek. Clearly, the understanding of the duty to reasonably accommodate possessed by potentially thousands of "agents and employees of the Defendants" who had nothing to do with Mr. Davidson's case has absolutely no relevance.

> As you know we have identified Messrs. Agganiss and Brunault as the decision-makers in Mr. Davidson's termination. Both of whom received ADA-training in their previous position as indicated in our answer to interrogatory no. 12."

3

*Exhibit B* at p. 2.

Plaintiff has obstinately failed to recognize that the only arguable basis for relevancy of the information sought in Interrogatories 10 and 11 is limited to the decision-makers in this matter: Messrs. Agganiss and Brunault. Thus, Defendants have resisted Plaintiff's unreasonable demand to discover information relating to the thousands of employees of the Defendants who have neither met, managed nor heard of Mr. Davidson.

In addition, as indicated above, Defendants answered Interrogatory No. 11, subject to objection, but *Plaintiff's Memorandum In Support of Motion To Compel Responses To Discovery* omits the answer and omits any argument relating to its sufficiency. See *Exhibit A*, *Defendants' Answers To Plaintiff's First Set Of Interrogatories To Defendants.*  Accordingly, Plaintiff has failed to assert any basis in the present motion upon which this court may find that Defendants' answer to Interrogatory No. 11 is incomplete or unresponsive, and, for this reason alone, its motion should be denied with respect to Interrogatory No. 11.

Interrogatory No. 29 and Document Request No. 6

29.  Please identify all employees who did not report to work at some or any time at the defendant's Springfield location.  In doing so, for each such employee please state:
- a)  the name of the employee;
- b)  the age of the employee;
- c)  the race of the employee;
- d)  whether that employee was suffering from a work related injury;
- e)  the year of service of the employee;
- f)  the employee's supervisor;
- g)  the specific circumstances and facts why the employee failed to report to work;
- h)  the circumstances and facts why the defendants made the decision to terminate, discipline or not discipline or terminate the employee; and

      i)    <u>the identity employee or agent of the defendants who made the decisions set forth in 29h above.</u>

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

6.    <u>All documents referring in any way to the failure by any employee of the defendants' in their Springfield location to report to work on at least one occasion.</u>

    **<u>OBJECTION</u>:** Defendants object to this request on the ground that it seeks information which is irrelevant, overly broad, unduly burdensome and is beyond the scope of permissible discovery.

<div align="center"><u>ARGUMENT</u></div>

Defendants have satisfied, in good faith, their legal obligation to respond to these discovery requests as well.  In its March 9, 2006 letter, Defendants outlined the reasons why Defendants' responses were proper and lawful:

"<u>Interrogatory 29, Document Request 6</u>

We stand by our objections.  As written, these requests seek the name, age, race, etc. of every employee failed to report on any single occasion at anytime and for any reason. So again, for example, this would include an employee who had the flu in 1991 and missed a day of work, came to work the next day and suffered no adverse employment action. Please read these requests again for yourself.  I can't imagine any arguable bon fide [sic] basis for this type of information."

*Exhibit B* at p. 3.

Plaintiff seeks nine distinct pieces of information **and** all documents relating to each employee "who did not report to work at some or any time at the defendant's Springfield location."  The fact is hundreds of individuals are presently employed at the Defendants' Springfield location, and when the number of potential individuals increases exponentially when former employees are taken into consideration. To require

<div align="center">5</div>

Defendants to ferret out among its current and former employees information relating to each absence *for any reason at all* from scheduled work would be an impossible task and would constitute an undue burden. Even after Defendants explained how overbroad and burdensome these requests were Plaintiff refused to limit his requests to absences similar his own which precipitated the instant action.  Regrettably Plaintiff has steadfastly refused to narrow the scope of these unreasonable requests. This constitutes a clear case of discovery abuse.

A plaintiff may not conduct a "fishing expedition" into areas unrelated to his claims. See, <u>Zahorik v. Cornell University</u>, 98 F.R.D. 27,  31 (D.C.N.Y. 1983).  Prior claims of discrimination against a defendant are not discoverable if not limited to the same form of discrimination claimed by plaintiff, to the same department or agency where plaintiff worked, and to a reasonable time before the discrimination complained of. (citation omitted). <u>Mitchell v. National R.R. Passenger Corp.</u>, 217 F.R.D. 53, 57 (D.D.C. 2003). As written, these requests seek information that is not even remotely relevant to Plaintiff's claims.

Moreover, the unlimited timeframe of Plaintiff's requested discovery is unreasonably expansive. Other courts have placed reasonable limits upon the time periods for which discovery responses must be produced in employment discrimination cases. See, e.g., <u>Obiajulu v. City of Rochester Department of Law</u>, 166 F.R.D. 293, 296 (W.D.N.Y.1996) (rejecting the plaintiff's requested eleven year discovery period and substituting period of three years) <u>Hicks v. Arthur</u>, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery of four months prior to and two years after the tenure of the

plaintiffs); <u>Miles v. Boeing Co.</u>, 154 F.R.D. 117 (E.D.Pa. 1994)(discovery allowed for period of two years before date of alleged discrimination).

Plaintiff's "kitchen sink" approach to drafting these requests far exceeds even the liberal discovery standards under the federal rules of procedure. If, however, plaintiff narrowed this interrogatory to seek information about absences germane to the allegations in his Complaint – such as "two day no-call no shows"[2] - Defendants would likely have no reasonable basis to object and refuse to answer.

<u>Document Requests Nos. 9 and 12</u>

9.    <u>All documents reflecting complaints by persons about discrimination, violation of the Family and Medical Leave Act or workers' compensation retaliation at the Springfield location of the defendants.</u>

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks documents relating to Defendants' investigation into allegations of FMLA discrimination, or workers compensation retaliation, and/or communications between Defendants and their attorney, Defendants object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning employee(s) of Defendants.  Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:**  Subject to and without waiving the above objections, documents responsive to this request are attached hereto as Exhibit 9.

---

[2] It bears noting that Plaintiff cites this as an example of the type of information that may be discovered, but he does not limit his requests to this admittedly relevant information.  Moreover, he never offered to do so in discussions had by counsel preceding his motion to compel.

12.     All Attorney General, Workers' Compensation Commission, or court complaints alleging discrimination, violation of the Family and Medical Leave Act, or workers' compensation retaliation filed against the defendants concerning the defendants' Springfield location.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning an employee or former employee of Defendants.  Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:**  Subject to and without waiving the above objections, documents responsive to this request are attached hereto as Exhibit 9.

ARGUMENT

Again, Defendants responded to Document Request Nos. 9 and 12, subject to objection, but *Plaintiff's Memorandum In Support of Motion To Compel Responses To Discovery* omits these responses and omits any argument relating to their sufficiency. See *Exhibit C*, *Defendants' Response To Plaintiff's First Request For Production of Documents.*  Accordingly, Plaintiff has failed to assert any basis in the present motion upon which this court may find that Defendants' responses (and the documents produced) are incomplete or unresponsive, and, for this reason alone, Plaintiff's motion should be denied with respect to Document Request Nos. 9 and 12.

In any event Plaintiff's requests are far too broad. Although prior claims of discrimination against a defendant are not discoverable if not limited to the same form of discrimination claimed by plaintiff, to the same department or agency where plaintiff worked, and to a reasonable time before the discrimination complained of. (citation omitted). Mitchell*, supra.*, 217 F.R.D. at 57, Defendants have produced responsive documents. A plaintiff may not conduct a "fishing expedition" into areas unrelated to his claims. Zahorik*, supra.,* 98 F.R.D. at  31.

8

In addition, the unlimited timeframe of plaintiff's requested discovery is unreasonably expansive and is objectionable. Other courts have placed reasonable limits upon the time periods for which discovery responses must be produced in employment discrimination cases. See, e.g., Obiajulu v. City of Rochester Department of Law, 166 F.R.D. 293, 296 (W.D.N.Y.1996) (rejecting the plaintiff's requested eleven year discovery period and substituting period of three years) Hicks v. Arthur, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery of four months prior to and two years after the tenure of the plaintiffs); Miles v. Boeing Co., 154 F.R.D. 117 (E.D.Pa. 1994)(discovery allowed for period of two years before date of alleged discrimination).

Document Request No. 10

10.    All documents reflecting the net worth, assets and liabilities of the defendants during the years 2002 to the present.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

ARGUMENT

Plaintiff has pled no facts at all supporting his claim for punitive damages.

Punitive damages may only properly be awarded only if plaintiff establishes at trial that defendants discriminated against him "with malice or with reckless indifference" to her rights. Brissette v. Franklin County Sheriff's Office, et al, 235 F.Supp.2d 63, 94, *quoting*

Marcano-Rivera v. Pueblo International, Inc., 232 F 3d 245, 253 (1st Cir. 2000). Absent a *prima facie* showing on punitive damages, plaintiff is not entitled to discover Defendants' financial information for that purpose. The financial status of defendants can not be discovered without a *prima facie* showing by plaintiff of sufficient facts to support her punitive damages claim. Johnson v. Con-Vey/Keystone, Inc. 1995 WL 82271, 1 (D.Or. 1995); Chenoweth v. Schaaf, 98 F.R.D. 587, 589 -590 (D.C.Pa.1983). This only makes sense. The incursion into the Springfield FoodService Corporation's privacy that would stem from the production of, for instance, its tax returns is unjustified given (1) the tenuous link between the information and the ability to pay punitive damages as well as (2) the availability of similar information through alternative means. *See* Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 43 (D.Mass. 2001). A contrary ruling would permit a plaintiff to discover a privately-held corporate defendant, like Springfield Foodservice Corporation, to turnover its most closely guarded, confidential financial information to plaintiff, and potentially its competitors and the rest of the world.[3]

   Moreover, the temporal scope of Plaintiff's request is overbroad and unreasonable. Plaintiff contends that Springfield Foodservice Corporation's net worth is discoverable because it is relevant to the amount of punitive damages that may be awarded by a fact-finder after trial. It follows then that what the Springfield Foodservice Corporation's net worth was years before trial in this matter would likely be dated,

---

[3] There are no reported decisions in the District of Massachusetts on this issue and the First Circuit Court of Appeals has not addressed the issue either. While the First Circuit affirmed a decision of the District of Rhode Island in CEH, Inc. v. FV "Seafarer", 153 F.R.D. 491 (D.R.I.1994), in which the district court decided that a plaintiff need not establish a *prima facie* case on punitive damages before discovering defendant's financial information that issue not before the court on appeal. See, CEH, Inc. v. FV "Seafarer", 70 F.3d 694 (1st Cir.1995).

unreliable, and not relevant at the time that any putative punitive damages would be assessed. Therefore Plaintiff's request for historical financial information, namely, net worth information from 2002 to the present, does not serve Plaintiff's stated basis for the information and this Court should deny Plaintiff's motion to compel this information.

Alternatively, were this Court to allow Plaintiff's request for net worth information from Defendant Springfield Foodservice Corporation, Defendants urge the Court to limit the scope of the request to 2005 to the present and to require that Plaintiff execute a reasonable protective order to safeguard the Defendants' legitimate privacy interests in its confidential financial information.

<div style="margin-left:40%">

THE DEFENDANTS
By their attorney,

 /s/ Timothy F. Murphy
Timothy F. Murphy, Esq.
BBO #556429
tmurphy@skoler-abbott.com
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts   01144
</div>

Dated:   April 24, 2006                    Tel.: (413) 737-4753/Fax: (413) 787-1941

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendants' Opposition To Plaintiff's Motion To Compel Responses To Discovery,* was served upon the attorney of record for each other party by via electronic delivery on April 24, 2006.

   /s/ Timothy F. Murphy
Timothy F. Murphy, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------x

VERNE DAVIDSON,
      Plaintiff,

    v.                             Docket No. 05-30094-MAP


SPRINGFIELD FOOD SERVICE
CORP., PERFORMANCE FOOD
GROUP-SPRINGFIELD and PERFORMANCE
FOOD GROUP,
      Defendants.

-------------------------------------------x


## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

      NOW COMES Defendants, Springfield Food Service Corp., Performance Food Group and Performance Food Group (hereinafter "Defendants"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, responds to Plaintiff, Verne Davidson's (hereinafter "Plaintiff" or "Davidson") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

      1.    Attorney-Client Privilege and Work Product:  The firm of Skoler, Abbott & Presser, P.C., has conducted interviews and communicated with Defendants and its agents and employees for the purpose of rendering professional legal services in preparation for this litigation.  Such communications and related documents, including without limitation, attorneys' notes, summaries of interviews and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to the provisions of Mass. R. Civ. P. 26(b)(3).  Defendant objects to the Plaintiff's Interrogatories to the extent they seek information subject to the attorney-client privilege or work-product doctrine.

      2.    Cumulative Interrogatories:  Defendant objects to the Plaintiff's Interrogatories to the extent that they are cumulative.

      3.    Vagueness, Overbreadth, Burdensomeness and Irrelevance:  Defendant objects to the Plaintiff's Interrogatories to the extent that they are vague, overly broad and unduly burdensome, seek information which is not relevant to the subject matter

1

involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

    4.    Sensitive Business Information: Defendant objects to the Plaintiff's Interrogatories to the extent that they seek confidential, proprietary or sensitive business information and confidential information pertaining to third parties, the disclosure of which would violate third parties' privacy rights.

    Each of these General Objections is incorporated into each of the following Answers to Interrogatories:

<div align="center">INTERROGATORIES</div>

    1.    Please state the name, address, occupation and place of employment of the person or persons answering these interrogatories, and their relationship to defendants.

    **ANSWER:**    My name is Pamela Burns. I am the Regional Vice President of Human Resources for Performance Food Group.  I am responsible for the human resource function at PFG-Springfield, which is located at 340 Taylor Street in Springfield, Massachusetts.

    2.    Please identify each person known to you who has any knowledge relating to the factual allegations made in the Amended Complaint or in any pleading asserting a claim or defense in this action.  Include in your answer names, addresses, telephone numbers, and job titles and a brief description of the individual's knowledge with regard to the said allegations.

    **ANSWER:**    Subject to and without waiving the above objections, in addition to Plaintiff and his counsel, I believe that Peter Brunault, PFG's former director of human resources, Donna Szaban, an HR Generalist/Executive Assistant/Safety Coordinator, Rolando Pagan, a former supervisor and current lead freezer person day warehouse; Charles Agganis, former Vice President of Operations, and Barry M. Magnus, M.D., of Occupational Health & Rehabilitation located at 140 Carando Drive, Springfield, MA 01104-3275 (413) 746-4006, who examined Plaintiff on April 29, 2003, have first-hand knowledge of some or all of the factual allegations in the Amended Complaint.

    3.    Please identify the name, address and phone number of each person whom you expect to call as a witness at trial, and set forth the subject matter on which each witness is expected to testify and the substance of the facts and opinions to which each witness is expected to testify.

    **ANSWER:** The Defendants state that they have not determined what witnesses they expect to call at the trial of this matter. The Defendants reserve the right to

supplement this interrogatory answer when such a determination is made and in accordance with the rules of procedure and/or any order of the court.

4.    Please describe each and every communication between or among you and the plaintiff regarding the plaintiff's medical condition for which he filed a workers' compensation claim on or around April 24, 2003, his need for medical leave at or around that time, his attendance at work, For each such communication, please identify the person(s) initiating the communication, the person(s) receiving or responding to the communication, and any persons who witnessed or otherwise participated in the communication; provide the date of the communication; describe in detail the substance of the communication (setting forth to the best of your ability a verbatim account of all substantive portions of the communication) and identify any documents associated with such communication.

**OBJECTION:** Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome.

**ANSWER:** On April 28, 2003, Plaintiff telephoned Donna Szaban and told her that he had hurt himself at work on April 24, 2003. Ms. Szaban wrote a statement summarizing this conversation. This statement, which has been previously disclosed, has been produced in response to Exhibit 1 to *Plaintiff's First Request For Production Of Documents,* in the related state court action.

5.    Please state whether you ever warned or took disciplinary action against the plaintiff due to absenteeism, excessive absenteeism, and/or unauthorized absenteeism.

**ANSWER:** Based upon information and belief, plaintiff was never warned or disciplined for absenteeism, excessive absenteeism, and/or unauthorized absenteeism during his employ by Defendants.

6.    If the answer to the preceding interrogatory is "yes," for each instance please state: the date(s) upon which such warning or other disciplinary action was taken; the identity of the individual(s) who initiated such action; the specific reason for the plaintiff's absence; whether any medical documentation was offered or provided; whether the plaintiff had exhausted all of his sick leave; and whether the plaintiff was offered FMLA leave.

**ANSWER:** Not applicable.

7.    Identify each expert whom you intend to call as a trial witness and for each such expert witness please set forth the following information:

a)    name, occupation, address, phone number and relationship to you, if any, of each such witness;

b)    the subject matter of the expected testimony;
c)    the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;
d)    whether the witness has prepared a report of any kind.

**ANSWER:**  The Defendants have not determined what experts it expects to call at the trial of this matter, and they reserve the right to supplement this interrogatory answer when such a determination is made.

8.    Did the Defendants or any agent or employee of the Defendants ever become aware or receive any information that Verne Davidson suffered from a work-related injury or disability, and, if so please provide the following information:

a.    Set for the dates upon which Defendants or any agent or employee of the Defendants became aware or obtained information that Verne Davidson suffered from any work-related injury.

b.    Set forth the names, addresses and phone numbers of each person who became aware or obtained information that Verne Davidson suffered from any work-related injury or disability, the relationship of each such person to the Defendants, and a detailed description of the manner in which each such person gained such an awareness or obtained such information.

c.    Describe the substance of any such information received by each such person.

d.    Identify any and all documents which might be relevant to your response to this interrogatory.

**ANSWER:**    On April 28, 2003, Plaintiff telephoned Donna Szaban and told her that he had hurt himself at work on April 24, 2003. Ms. Szaban wrote a statement summarizing this conversation. This statement, which has been previously disclosed, has been produced in Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

9.    At any time did the Defendants or any agent or employee of the Defendants have any knowledge or awareness that under certain circumstances an employer would have an obligation to reasonably accommodate the disabilities of an employee?

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

4

**ANSWER:** Subject to and without waiving the above objections, Defendants have been aware, at all relevant times, of what their legal duties are with respect to making reasonable accommodations to employees with disabilities and/or handicaps.

10. If the answer to the preceding Interrogatory is "yes," please provide the following information:

    a.   Set forth the dates upon which the Defendants or any agent or employee of the Defendants gained such knowledge or awareness.

    b.   Set forth the names, addresses and phone numbers of each person who gained such knowledge or awareness and the relationship of each such person to the Defendants, and describe in detail the manner in which each such person gained such knowledge or awareness.

    c.   Describe the substance of any information received by each such person which contributed to such knowledge or awareness and the source of such information.

    d.   Identify any and all documents which might be relevant to your response to this interrogatory.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

11. Set forth the Defendants' understanding as of April 24, 2003, of the nature and scope of an employer's obligations to reasonably accommodate the disabilities of an employee.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, Defendants have been aware, at all relevant times, of what their legal duties are with respect to making reasonable accommodations to employees with disabilities and/or handicaps.

12. Prior to April 24, 2003, had any agent or employee of the Defendants received any training or instruction, any resource or instructional materials, or any other verbal or written information relating to an employer's obligations under the anti-

discrimination laws, including regarding its duty to reasonably accommodate the disabilities of an employee, and , if so, please set forth a complete description of the dates and substance of each such training or instruction, resources or instructional materials, or other verbal or written information, and the names and addresses of each such agent or employee.

OBJECTION: Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the above objections, to the extent that this interrogatory applies to the employees of Defendants who had any role in the decision to terminate Plaintiff's employment, I believe that Charles Aggannis and Peter Brunault have received ADA-related training but that training was not provided by PFG.

13. Please provide each and every reason why the plaintiff was terminated from his employment with the defendants.

ANSWER: Plaintiff was terminated because he failed, without notice or excuse, to report to work as scheduled, though physically able do so, on May 1 and 2, 2003.

14. Please provide each and every reason why the plaintiff was not reasonably accommodated as a result of his work-related injury that occurred on April 24, 2003, while employed by the defendants.

ANSWER: Subject to and without waiving the above objections, although Plaintiff never requested an accommodation following his purported work-related injury on April 24, 2003, Plaintiff was granted a reasonable accommodation when he was placed on light duty and scheduled to report for light duty on May 1, 2003. However, Plaintiff failed, without notice or excuse, to report to work as scheduled on May 1 and 2, 2003, though physically able do so.

15. If you contend that there was a progressive discipline policy that pertained to the plaintiff and his employment, please describe the policy and state whether the plaintiff was subject to any progressive discipline at the time of his termination and at what stage he was in the progressive discipline.

ANSWER: Subject to and without waiving the above objections, PFG did maintain a progressive discipline policy; however, that policy provided that the company reserved the right to terminate employees without recourse to progressive discipline.

16. Please give the name, address, phone number, title, and relationship to the Defendants of each person who participated in any discussions or decision-making process relative to any decisions relating to the plaintiff's employment since January 2002, and please describe the precise role of each such person in any such discussions or decision-making processes.

OBJECTION: Defendants object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

ANSWER:    Subject to and without waiving the above objections, to the extent that this interrogatory applies to the employees of Defendants who had any discussions relative to the decision to terminate Plaintiff's employment, please refer to Defendants' answer to Interrogatory 2. Charles Agganis, former Vice President of Operations, and Peter Brunault, former Director of Human Resources, made the decision to terminate Plaintiff, both of whom may be contacted through counsel for Defendants. Ms. Szaban participated in discussions with the decision-makers relating to Mr. Davidson prior to the decision to terminate him.

17. Do the Defendants allege that there were any issues relating to the Plaintiff's performance of his job which had any bearing on decisions made by the Defendants relative to his employment or termination from employment, and, if so, please set forth a complete description of each such issue with the Plaintiff's job performance; a description of each and every fact related to each such issue with the Plaintiff's job performance; and the name, address, phone number, title, and relationship to the Defendants of each person who has personal knowledge of any such facts.

ANSWER:    No. Plaintiff was terminated because he failed without notice or excuse to report to work as scheduled on May 1 and 2, 2003, though physically able to.

18.   Do the Defendants allege that there were any reasons unrelated to the Plaintiff's job performance which had any bearing on decisions made by the Defendants relative to his employment or termination from employment, and, if so, please set forth a complete description of each such issue with the Plaintiff's job performance; a description of each and every fact related to each such issue with the Plaintiff's job performance; and the name, address, phone number, title, and relationship to the Defendants of each person who has personal knowledge of any such facts.

OBJECTION: Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond.

ANSWER:    Subject to and without waiving the above objections, Plaintiff was terminated because he failed without notice or excuse to report to work as scheduled on May 1 and 2, 2003, though physically able do so.

7

19.  Please set forth the names, addresses and relationship to Defendants of each agent or employee of the Defendants who was responsible for making any and all decisions or setting the terms and conditions of the plaintiff's employment from January 2000 through the date of the last decision made concerning the plaintiff's employment or separation there from.

**OBJECTION:**  Defendants object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:**   Subject to and without waiving the above objections, Charles Agganis, then Vice President of Operations, and Peter Brunault, then Director of Human Resources, made the decision to terminate Plaintiff's employment.

20.  Please describe in specific detail each and every conversation that the plaintiff had with you regarding his work related injury sustained on or around April 24, 2003 and/or medical restrictions.  For each such conversation, please state: the date of the conversation, the identity of the individual with whom the conversation was held, who initiated the conversation, the specific content of the conversation

**OBJECTION:**  Defendants object to this interrogatory on the ground that it seeks information that is overly broad and unduly burdensome.

**ANSWER:**  Subject to and without waiving the above objections, I never had any conversations with plaintiff regarding his work related injury sustained on or around April 24, 2003 and/or medical restrictions, but Plaintiff did have a discussion with Ms. Szaban as previously disclosed.

21.  Please state the dates of any FMLA leave taken by the plaintiff, when it was designated as FMLA leave, how the plaintiff was notified that such leave had been so designated, and identify any documents related to said FMLA leave(s); if no FMLA was taken by or granted to the plaintiff, please state with particularity all reasons why such leave was not granted.

**ANSWER:**  Subject to and without waiving the above objections, plaintiff never took FMLA while employed by Defendants.

22.  Please provide a detailed description of any and all raises and employee benefits to which Mr. Davidson would have been entitled to as an employee of the Defendants from April 2003 to the present and through the time of trial, including but not limited to health insurance, dental insurance, pension or retirement benefits, short term and/or long-term disability benefits, paid vacation, sick leave, and/or stock option or purchase plan, and provide a specific breakdown of the costs to the employer of providing each such benefit to Mr. Davidson or other employees similarly situated to Mr. Davidson.

8

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the Defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence. Moreover, any "specific breakdown of the costs" to Defendants would be based on conjecture and speculation and is beyond the competence of a lay person.

**ANSWER:** Subject to and without waiving the above objections, plaintiff would not have been entitled to any pay raises. He would, however, have been entitled to be reviewed for merit pay increases and would have received same had his job performance merited it. If plaintiff had not been terminated in May 2003 and had continued to be employed he would have enjoyed eligibility for PFG sponsored employee benefits.

23. Please identify by name, date of hire, race, age, disability status, shift assignment and supervisor any and all full-time stock handlers hired at the Springfield location since January 2001, please indicate whether any such individual has applied for, been denied or approved for Family Medical Leave and the reason for which leave, If taken, was taken.

**OBJECTION:** Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence. Defendants further object on the grounds that the request for reasons for leave is personal and confidential.

**ANSWER:** Subject to and without waiving the above objections, Defendants will supplement.

24. Please state with particularity the events that occurred around the suspension and then the termination of Mr. Davidson's employment.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the Defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, Plaintiff was terminated because he failed, without notice or excuse, to report to work as scheduled on May 1 and 2, 2003, though physically able do so. He was not suspended prior to his termination.

9

25. If at any time and at any place, any employee of the defendants has ever made a written or verbal complaint to any employee of any of the defendants, or filed suit in any Court, or made a written or verbal complaint to any administrative for discrimination within the previous ten (1) [sic] years, please state:

      a)    the identity of each person, who made a complaint or filed a charge instituted a suit;

      b)    the identify of each person, business, or other entity against whom the complaint was made or filed or the charge was filed or the suit instituted;

      c)    the date when such complaint was made or filed or, charge filed or suit instituted;

      d)    the identity of each such department or agency or court in which each such complaint was made or filed or suit instituted;

      e)    a description of the nature and subject matter, and summary of allegations, of each such complaint or suit;

      f)    the case name and number for each such complaint;

      g)    the present status of each such complaint or suit; and

      h)    the disposition of each such complaint or suit.

**OBJECTION:** Defendants object to this interrogatory to the extent that it seeks information regarding complaints filed by persons other than the Plaintiff on the grounds that said interrogatory is overly broad, unduly burdensome, irrelevant and is beyond the scope of permissible discovery. Defendants further object to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of defendants. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

**ANSWER:**  Subject to and without waiving the above objections, please refer to Exhibit 9 to *Defendants' Response To Plaintiff's First Request For Production Of Documents.*

26.  Please "identify" each and every person who was an employee of the defendants' Springfield location, who is no longer an employee of the defendants at present, and include in your answer the date the employee was no longer employed, and the reason for the separation from defendants (whether by voluntary quit, termination or other reason).

10

**OBJECTION:** Defendants object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

27.     Describe in detail the Defendant's sick leave policy, including, but not limited to:  whether the Defendant requires that an employee use any accrued or available sick, vacation and/or personal time while out on a medical leave; what medical certification(s), if any, are required under the Defendant's policies when an employee is requesting to use non-FMLA sick time of less than five (5) days;  what medical certification(s), if any, are required under the Defendant's policies when an employee is requesting or using non-FMLA sick leave of five (5) days or more; and whether the employee is required to give the Defendant advance notice of the need to take sick leave.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:**  Subject to and without waiving the above objections, to the extent that this interrogatory seeks information about Defendants' current FMLA policy, that information can be readily ascertained from the Defendants' 2005 Associate Handbook at pgs. 18-19. The 2005 Associate Handbook was produced in Exhibit 2 to *Defendants' Response To Plaintiff's First Request For Production Of Documents,* in Plaintiff's related state court litigation.

28.     Please describe any communications you had with any of the plaintiff's medical providers.  For each such communication, please identify the person(s) initiating the communication, the person(s) receiving or responding to the communication, and any other persons who witnessed or otherwise participated in the communication; provide the date of the communication; describe in detail the substance of the communication, and identify any documents associated with such communication.

**OBJECTION:** Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

**ANSWER:**  Subject to and without waiving the above objections, Defendants only had communication with Occupational Health & Rehabilitation, Inc., to whom Ms. Szaban referred plaintiff after his initial report of injury.  Defendants contract with Occupational Health & Rehabilitation, Inc. to provide employment-related medical services.  Barry M. Magnus, M.D., Occupational Health & Rehabilitation, Inc., examined Plaintiff on April 29, 2003.  Documents reflecting that examination were produced in

11

Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

      29. Please identify all employees who did not report to work at some or any time at the defendant's Springfield location. In doing so, for each such employee please state:

      a)   the name of the employee;

      b)   the age of the employee;

      c)   the race of the employee

      d)   whether that employee was suffering from a work related injury;

      e)   the year of service of the employee;

      f)   the employee's supervisor

      g)   the specific circumstances and facts why the employee failed to report to work;

      h)   the circumstances and facts why the defendants made the decision to terminate, discipline or not discipline or terminate the employee; and

      i)   the identity employee or agent of the defendants who made the decisions set forth in 29 h above.

**OBJECTION:** Defendants object to this interrogatory on the grounds that it so vague, unintelligible, and ambiguous that the defendants cannot fairly respond. Defendants further object to this interrogatory on the ground that it seeks information that is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence.

      30. If you contend that the plaintiff was not eligible for Family and Medical Leave as of April 2003, or that the plaintiff's medical leave on or about Thursday May 1 and Friday May 2, 2003, was not a request for leave under the FMLA or your Family and Medical Leave policy, please state the basis for your contention.

      **ANSWER:** Plaintiff was not eligible for FMLA because his purported injury of April 24, 2003 did not constitute a "serious health condition" within the meaning of the FMLA. In addition, plaintiff made no request for FMLA leave nor did he give the Defendants sufficient notice of his need or intention to take FMLA leave following his purported injury of April 24, 2003.

Signed under the pains and penalties of perjury this 22nd day of February 2006.

Pamela Burns
Performance Food Group


AS TO OBJECTIONS,


Timothy F. Murphy, Esq.
BBO #556429
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts   01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated:   February 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Answers to Plaintiff's First Set of Interrogatories* was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on February 22, 2006

Timothy F. Murphy, Esq.



## SKOLER, ABBOTT&PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

Timothy F. Murphy
TMurphy@skoler-abbott.com                                    *also admitted in Connecticut

March 9, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA  01103

Re:  Davidson v. Performance Food Group, et al
<u>Civil Action No. 05-30094-MAP</u>

Dear Attorney Garrow:

I write in response to your letter of March 1, 2006 relative to the defendants' discovery responses.

<u>Interrogatory 2</u>

Please be advised that Mr. Pagan and Ms. Szaban are current employees and that Messrs. Agganiss and Brunault are former employees.

The last known home addresses requested are as follows:

- Donna Szaban, 713 Thrall Avenue, #A, Suffield, CT, 06078;
- Charles Agganis, 12 Wandering Meadows Lane, Wilbraham, MA, 01095:
- Rolando Pagan, 28 Martha Street, Indian Orchard, MA, 01151; and
- Peter Brunault, 20 Old Farm Road, Palmer, MA, 01069.

We are not providing home telephones for any of the four individuals identified for privacy reasons.

**It is our position that Rule 4.2 of the Massachusetts Rules of Professional Conduct prohibits any *ex parte* communications between you and Messrs. Agganiss and Brunault regarding this matter.**

March 9, 2006

Interrogatories 10 and 11

These interrogatories are not relevant to any claim or defense in this matter. Mr. Davidson never requested a reasonable accommodation, and his complaint makes no claim for failure to reasonably accommodate. Moreover, the Defendants did reasonably accommodate Mr. Davidson's alleged work-related injury by offering him a light duty assignment based on the medical restrictions issued by Occu-Health; however, Mr. Davidson rejected this offer of accommodation by refusing to return to work.

If the information sought by these interrogatories have any relevance, which they don't, it is confined to the decision-makers here. As written, these interrogatories force us to guess whose understanding among the potentially thousands of "agents and employees of the Defendants" you seek. Clearly, the understanding of the duty to reasonably accommodate possessed by potentially thousands of "agents and employees of the Defendants" who had nothing to do with Mr. Davidson's case has absolutely no relevance.

As you know we have identified Messrs. Agganiss and Brunault as the decision-makers in Mr. Davidson's termination. Both of whom received ADA-training in their previous position as indicated in our answer to interrogatory no. 12.

Interrogatory 23

Please find attached a spreadsheet containing the information requested with the exception of the reason for which the FMLA leave was taken. We stand by our stated objections as to that information.

Interrogatory 26

We stand by our objection. As written, this interrogatory seeks a list of every separating employee and the reason for separation for every employee who ever worked for defendants. For example, this would include an employee who voluntarily quit in 1991. The list would likely number in the thousands. Do you seriously believe that you need this information or that the rules of civil procedure require this?

Notwithstanding the above, I have attached spreadsheets listing the employees, who like Mr. Davidson, were terminated for "no call, no show." The spreadsheets, generally, list the employee name, race, gender, hire date, termination date, and reason. However, the 2001 and 2002 spreadsheets do not contain race information as it was not collected at that time. In addition, positions held are not listed because that information was not inputted into the new human resource information system at the time of its 2003 implementation because those individuals were no longer employed.

2

March 9, 2006

Interrogatory 29, Document Request 6

We stand by our objections.  As written, these requests seek the name, age, race, etc. of every employee failed to report on any single occasion at anytime and for any reason. So again, for example, this would include an employee who had the flu in 1991 and missed a day of work, came to work the next day and suffered no adverse employment action. Please read these requests again for yourself.  I can't imagine any arguable bon fide basis for this type of information.

Document Requests 7, 8, 20, 37, 39

We are not withholding documents responsive to Document Requests 7, 8, 37, 39 because of a claim of privilege.  We are withholding documents responsive to Document Requests 20 because of a claim of privilege. These documents consist of communications and reflect communications between defendants and counsel following Mr. Davidson's filing of his administrative charge of discrimination.

Document Requests 9-14, 40, 41

We are not withholding documents responsive to Document Requests 11 and 41 on the basis of privilege.  We either are or likely are withholding documents responsive to Document Requests 9, 10, 12, 13, 14, 40, 41 for the reasons stated in our respective objections. In addition, we are withholding documents responsive to Document Request 14 because they are protected from disclosure by the work-product doctrine and/or attorney client privilege.

In closing, where indicated above, we firmly believe that the shotgun approach taken with respect those discovery requests is patently unreasonable.  I urge you to reassess in light of this letter. I would be happy to discuss this further, if you like.

Very truly yours,

Timothy F. Murphy

TFM:jlm
Enclosures as stated
cc (w/encl.):   Performance Food Group

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------x

VERNE DAVIDSON,
      Plaintiff,

v.                         Docket No. 05-30094-MAP

SPRINGFIELD FOOD SERVICE
CORP., PERFORMANCE FOOD
GROUP and PERFORMANCE FOOD
GROUP,
        Defendants.
-----------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      NOW COMES Defendants, Springfield Food Service Corp., Performance Food Group, and Performance Food Group (hereinafter "Defendants"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, Verne Davidson's (hereinafter "Plaintiff" or "Davidson") First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

      1.     Defendant objects to Plaintiff's definition of the term "document" to the extent it is broader than permitted under the Federal Rules of Civil Procedure and/or the Local Rules.

      2.     Defendant objects to this request for production to the extent it imposes obligations beyond the scope of the discovery obligations imposed by the Federal Rules of Civil Procedure, the Local Rules and other applicable law.

      3.     The law firm of Skoler, Abbott & Presser, P.C., has conducted interviews and communicated with Defendants and their agents and employees for the purpose of rendering professional legal services in the preparation of this litigation. Such communications and related documents, including attorneys' notes, summaries of interviews, and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to

1

the provisions of Fed. R. Civ. P. 26(b)(3). Defendants object to this request for production to the extent it seeks materials protected by the attorney-client privilege or subject to the work-product doctrine.

Each of these General Objections is incorporated into each of the following Responses to Plaintiff's First Request for Production of Documents:

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

1.    All documents reflecting communications you have had with the plaintiff.

**OBJECTION:** Defendants object to this request on the ground that it fails to

describe with reasonable particularity the documents sought. Defendants further object

to this request on the ground that it seeks information which is overly broad, unduly

burdensome and is beyond the scope of permissible discovery.

**RESPONSE:** Subject to and without waiving the above objections, documents

responsive to this request were affixed as Exhibit 1 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation. In addition, please refer to the documents submitted to the Massachusetts

Commission Against Discrimination by Defendants/Respondent(s) in Case No. 03-

SEM-02502.

2.    All documents reflecting or relating to the plaintiff's employment or termination from employment, including but not limited to any investigation of the circumstances surrounding the plaintiff's termination from employment, his personnel file, supervisor file, human resource file, medical file, workers' compensation file.

**OBJECTION:** Defendants further object to this request on the grounds that it

seeks information which is overly broad, unduly burdensome and is beyond the scope

of permissible discovery. To the extent that this request seeks documents relating to

Defendants' investigation into Plaintiff's post-termination allegations of discrimination

2

and/or communications between Defendants and their attorneys, Defendants object on

the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3),

the work-product doctrine, and/or attorney-client privilege.

**RESPONSE:** Subject to and without waiving the above objections, documents

responsive to this request were affixed as Exhibit 1 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation. In addition, please refer to the documents submitted to the Massachusetts

Commission Against Discrimination by Defendants/Respondent(s) in Case No. 03-

SEM-02502.

3.    All documents which disclose the rate of pay/benefits Mr. Davidson received at the time of his termination and raises, increased opportunities or change in benefits he would or may have been eligible for as a full time stock handler or, more generally as a full-time employee of the defendants.

**OBJECTION:** Defendants object to this request on the grounds that it seeks

information which is overly broad, unduly burdensome and is beyond the scope of

permissible discovery.

**RESPONSE:** Subject to and without waiving the above objections, documents

responsive to this request were affixed as Exhibit 1 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation.

4.    All documents which describe or refer to in any way the allegations set forth or described in the plaintiff's Amended Complaint.

**OBJECTION:** Defendants object to this request on the grounds that it seeks

information which is overly broad, unduly burdensome and is beyond the scope of

3

permissible discovery. To the extent that this request seeks documents relating to Defendants' investigation into Plaintiff's post-termination allegations of discrimination and/or communications between Defendants and their attorneys, Defendant object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

**RESPONSE:** Subject to and without waiving the above objections, please refer to Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation, and the pleadings in this matter as well as the documents submitted by the parties to the Massachusetts Commission Against Discrimination in Case No. 03-SEM-02502.

5.    All documents which contain or describe any policy or procedure, written or unwritten relating to the terms and conditions of the plaintiff's employment and termination there from January 2002 through the present, including but not limited to personnel handbooks, manuals and any training manuals for human resources employees, location managers and supervisors.

**OBJECTION:** Defendants object to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendants further object to this request on the ground that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery.

**RESPONSE:** Subject to and without waiving the above objections, non-privileged documents responsive to this request were affixed as Exhibit 2 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

4

6.    All documents referring in any way to the failure by any employee of the defendants' in their Springfield location to report to work on at least one occasion.

**OBJECTION:** Defendants object to this request on the ground that it seeks information which is irrelevant, overly broad, unduly burdensome and is beyond the scope of permissible discovery.

7.    All documents reflecting any investigation of the workers' compensation claim made by the plaintiff on or around April 24, 2003.

**OBJECTION:** To the extent that this request seeks documents relating to Defendants' investigation into Plaintiff's post-termination allegations of discrimination and/or communications between Defendants and their attorneys, Defendant object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

**RESPONSE:**   Subject to and without waiving the above objections, non-privileged documents responsive to this request in the possession, custody, and control of Defendants were affixed as Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

8.    All documents reflecting any investigation of the reason why the plaintiff failed to report to work on May 1 or 2 as is alleged in the defendants' position statement to the MCAD dated January 23, 2004.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information relating to Defendants' investigation into Plaintiff's post-termination allegations of discrimination and/or communications between Defendants and their attorney, Defendants object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client

privilege.

**RESPONSE:** Subject to and without waiving the above objections, non-privileged documents responsive to this request were affixed as Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

9.    All documents reflecting complaints by persons about discrimination, violation of the Family and Medical Leave Act or workers' compensation retaliation at the Springfield location of the defendants.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks documents relating to Defendants' investigation into allegations of FMLA discrimination, or workers compensation retaliation, and/or communications between Defendants and their attorney, Defendants object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning employee(s) of Defendants. Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request are attached hereto as Exhibit 9.

6

    10.    All documents reflecting the net worth, assets and liabilities of the defendants during the years 2002 to the present.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

    11.    All documents reviewed, created or edited by any expert you intend to employ as an expert witness in this case.

**OBJECTION:** Defendants object to this request on the grounds that it seeks documents which are beyond the scope of permissible expert discovery under Fed.R.Civ.P. 26(b)(4) .

**RESPONSE:** Subject to and without waiving the above objections, there are no documents responsive to this request.

7

12.    All Attorney General, Workers' Compensation Commission, or court complaints alleging discrimination, violation of the Family and Medical Leave Act, or workers' compensation retaliation filed against the defendants concerning the defendants' Springfield location.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning an employee or former employee of Defendants.  Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request are attached hereto as Exhibit 9.

13.    All Massachusetts Commission Against Discrimination, or court complaints alleging discrimination filed against the defendants concerning the defendants' Springfield location for alleged discrimination.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning an employee or former employee of Defendants.  Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request are attached hereto as Exhibit 9.

8

14.    All documents relating to any firing or relating to anyone who was fired from the defendants' Springfield location from January 2002 to the present, including any documents which demonstrate the race, disability status, whether those individuals fired had ever filed a workers' compensation claim while working for the defendant(s) and the date of any such workers' compensation claim.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning an employee or former employee of Defendants. Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request are attached hereto as Exhibit 10. Further answering, Defendants have no documents that list the race, disability status of terminated employees or whether those individuals had ever filed a workers' compensation claim. Please refer to Exhibit 9 as well.

15.    All EEO reports reflecting the defendants' Springfield location workforce submitted by any of the defendants to any agency.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery.

**RESPONSE:** Subject to and without waiving the above objections, there are no documents responsive to this request.

9

16.    All personnel records, including any and all e-mail messages of any employee of the defendants in their Springfield location, including but not limited to the plaintiff, who was fired for any violation of any company policy or procedure from January 2002 to the present.

**OBJECTION:** Defendants object to this request on the grounds that it seeks

information which is overly broad, unduly burdensome and is beyond the scope of

permissible discovery. Moreover, Defendants object to this request on the grounds that

it seeks personal and confidential information concerning an employee or former

employee of Defendants. Finally, Defendants object to this request on the ground that

it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, a document

responsive to this request was affixed to Exhibit 3 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation.

17.    All documents describing the process by which firing was supposed to be conducted from January 2002 to the present.

**RESPONSE:** Subject to and without waiving the above objections, documents

responsive to this request were affixed to Exhibit 2 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation.

18.    Any and all documents relating to any progressive discipline policy of the defendants.

**RESPONSE:** Subject to and without waiving the above objections, documents

responsive to this request were affixed to Exhibit 2 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

10

litigation.

19.    Any and all documents relating to any policy relating to an employee's failure to report for work on one or more occasions.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request were affixed to Exhibit 2 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

20.    All documents prepared by you or received by you which discuss or concern or name the plaintiff.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks documents relating to Defendants' investigation into allegations of discrimination, or workers compensation retaliation, and/or communications between Defendants and their attorney, Defendants object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning employee(s) of Defendants.  Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

11

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request were affixed to Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

21.    All documents which were relied on or relate to any answer to any of the interrogatories propounded by the plaintiff to the defendants.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks documents relating to Defendants' investigation into allegations of discrimination, or workers compensation retaliation, and/or communications between Defendants and their attorney, Defendants object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, Defendants object to this request on the grounds that it seeks personal and confidential information concerning employee(s) of Defendants. Finally, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving the above objections, there are no documents responsive to this request other than those produced herewith.

12

22.    Any insurance policy which may be used to satisfy part or all of a judgment in this case.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 4 to *Defendants' Supplemental Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

23.    For purposes of calculating punitive damages, defendant(s) state and federal income tax returns for the most recent five years in which they have been filed.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

13

24.    For purposes of calculating punitive damages, all documents reflecting defendant(s) current assets and/or liabilities and net worth.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in the related state court action.

25.    For purposes of calculating punitive damages, all documents reflecting for each of the past three years the gross revenues, expenses and profits and/or losses incurred by defendant(s).

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain

14

financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in the related state court action.

26.    For purposes of calculating punitive damages, a copy of defendant(s) most recent net worth statement prepared by or for you.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in the related state court action.

27.    For purposes of calculating punitive damages, a copy of any appraisal, conducted at any time since January 1, 2000, of any business or personal or real property owned by defendant(s).

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of

15

permissible discovery. Defendants further object to this request on the grounds that it

seeks proprietary and confidential information concerning an employee of Defendants.

Moreover, Defendants object to this request on the ground that it is unlikely to lead to

the discovery of admissible evidence. Finally, as PFG is a publicly traded company

which maintains a website (www.pfgc.com) which provides public access to certain

financial information, the burden of ascertaining the requested documents is

substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document

responsive to this request was affixed to Exhibit 3 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation.

28.    For purposes of calculating punitive damages, a copy of all 2002- current
year-end statements reflecting the account number and balance of any accounts owned
by defendant(s), including savings, checking, annuities, or mutual, stock or bond funds.

**OBJECTION:** Defendants object to this request on the grounds that it seeks

information which is overly broad, unduly burdensome and is beyond the scope of

permissible discovery. Defendants further object to this request on the grounds that it

seeks proprietary and confidential information concerning an employee of Defendants.

Moreover, Defendants object to this request on the ground that it is unlikely to lead to

the discovery of admissible evidence. Finally, as PFG is a publicly traded company

which maintains a website (www.pfgc.com) which provides public access to certain

financial information, the burden of ascertaining the requested documents is

substantially the same for Plaintiff and Defendants.

16

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

    29.    For purposes of calculating punitive damages, a copy of all 2002- current year-end statements reflecting the account number and balance of any loans or indebtedness owned by you, including but not limited to mortgages or tax liens.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendants further object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, as PFG is a publicly traded company which maintains a website (www.pfgc.com) which provides public access to certain financial information, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 3 to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

    30.    Any and all documents which tend to show the relationship, legal or otherwise, among or between the parties.

**OBJECTION:** Defendants object to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendants also object to

17

this request on the grounds that it so vague, unintelligible, and ambiguous that Defendants cannot fairly respond. Defendants further object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. In addition, Defendants object to this request on the grounds that it seeks proprietary and confidential information concerning an employee of Defendants.  Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, PFG maintains a website (www.pfgc.com) as does PFG-Springfield (www.pfgspringfield.com) both of which provide public access to certain company information, thus, the burden of ascertaining the requested documents is substantially the same for Plaintiff and Defendants.

**RESPONSE:** Subject to and without waiving the above objections, a document responsive to this request was affixed to Exhibit 5 to *Defendants' Supplemental Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

31.    Any and all documents that you relied on or referred to in answering the plaintiff's Interrogatories to the defendants.

**RESPONSE:**  Please refer to the Response to Request No. 21.

32.    Any and all documents that you claim support or relate to any of the defendants' affirmative defenses.

**RESPONSE:**  There are no documents responsive to this request in possession, custody, or control of the Defendants.

33.    Any documents in which the Plaintiff requested time off from work for any reason, including but not limited to, any leave request/absence forms, for the period January 2001 through his termination in 2003.

18

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, any documents responsive to this request in the custody and control of the Defendants would have been maintained in Plaintiff's personnel file which was produced as part of Exhibit 1 to *Defendants' Supplemental Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

34.    Any and all documents indicating the hours worked by the Plaintiff, and the allocation of time off to vacation, holiday, sick leave, and or personal time, including, but not limited to, time sheets and payroll records, for the period January 2001 through his termination in 2003.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request for 2003 in the custody and control of the Defendants were produced as part of Exhibit 1 to *Defendants' Supplemental Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

19

35.    Any and all documents posted, provided or otherwise communicated to the plaintiff regarding his rights under the Family and Medical Leave Act (FMLA).

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery to the extent that it seeks documents posted, provided or otherwise communicated to the plaintiff by third parties. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:**  Subject to and without waiving the above objections, at all relevant times Defendants maintained commercially-produced employment law-related posters on its bulletin boards in and around its upstairs and downstairs employee cafeterias. Included among the poster was one relating to the FMLA.  Based on information and belief, the FMLA poster(s) was/were FMLA-compliant. Moreover, these posters are automatically updated through a vendor with whom Defendants contract.  As such the posters are changed from time to time.  Defendants do not maintain a record of when its employment law-related posters are changed.

36.    Any and all documents which describe, explain or otherwise relate to the defendants' FMLA policy during the entire period of the plaintiff's employment.

**OBJECTION:** Defendants object to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Moreover, Defendants object to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. Finally, Defendants object to this request on the ground that it fails to describe with reasonable particularity the

documents sought.

**RESPONSE:** Subject to and without waiving the above objections, documents

responsive to this request was affixed to Exhibit 2 to *Defendants' Response To*

*Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court

litigation.

      37.    Copies of all notices given by the defendant to the plaintiff, as well as any documents received by you from the plaintiff or his treating physician, concerning any time off or injury in 2003.

**OBJECTION:** Defendants object to this request on the grounds that it seeks

information which is overly broad, unduly burdensome and is beyond the scope of

permissible discovery. Moreover, Defendants object to this request on the ground that it

is unlikely to lead to the discovery of admissible evidence. Finally, Defendants object to

this request on the ground that it fails to describe with reasonable particularity the

documents sought.

**RESPONSE:** Subject to and without waiving the above objections, any

documents responsive to this request in the custody and control of the Defendants

would have been maintained in Plaintiff's medical file which was produced as part of

Exhibit 1 to *Defendants' Response To Plaintiff's First Request For Production Of*

*Documents* in Plaintiff's related state court litigation.

      38.    Any documents which contain a record of dates FMLA leave was taken by the plaintiff.

**RESPONSE:** Subject to and without waiving the above objections, there are no

documents responsive to this request in the custody and control of the Defendants.

21

39.    Any and all documents which purport to acknowledge the plaintiff's receipt of the defendant's FMLA policies, including any amendments thereto.

**RESPONSE:** Subject to and without waiving the above objections, any documents responsive to this request in the custody and control of the Defendants would have been maintained in Plaintiff's personnel file which was produced as part of Exhibit 1 to *Defendants' Supplemental Response To Plaintiff's First Request For Production Of Documents* in Plaintiff's related state court litigation.

40.    Any and all documents concerning the decision to terminate the plaintiff's employment.

**OBJECTION:** To the extent that this request seeks documents relating to Defendants' investigation into allegations of discrimination, or workers compensation retaliation, and/or communications between Defendants and their attorney, Defendants object on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, Defendants object to this request on the grounds that it seeks documents disclosing of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant.

**RESPONSE:** Subject to and without waiving the above objections, documents responsive to this request were produced in Exhibit 1 affixed to *Defendants' Response To Plaintiff's First Request For Production Of Documents* in the related state court action. In addition, please refer to the documents submitted to the MCAD by Defendants/Respondent(s) in Case No. 03-SEM-02502.

22

41.    Any and all documents concerning or relating to the plaintiff's workers' compensation claim made by the plaintiff on or around April 24, 2003, including all documents provided to the defendant's insurer concerning notice of claim, and all other documents provided to, received from or reviewed by you relating to the plaintiff's workers' compensation claim made on or around April 23, 2003.

**RESPONSE:** Subject to and without waiving the above objections, any

documents responsive to this request in the custody and control of the Defendants

would have been maintained in Plaintiff's workers compensation file which was

produced as part of Exhibit 1 to *Defendants' Response To Plaintiff's First Request For*

*Production Of Documents* in Plaintiff's related state court litigation.

Respectfully Submitted,

Timothy F. Murphy, Esq.
BBO #556429
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated:  February 3, 2006

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Response to Plaintiff's First Request for Production of Documents* was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on February 3, 2006.

Timothy F. Murphy, Esq.

23