UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------x
VERNE DAVIDSON,
    Plaintiff,

    v.                          Docket No. 05-30094-MAP

SPRINGFIELD FOOD SERVICE
CORP. , PERFORMANCE FOOD
GROUP and PERFORMANCE FOOD
GROUP,
    Defendants.
----------------------------------------------x

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

In opposition to the Defendant's Motion for Summary Judgment in the above-entitled matter, Plaintiff Verne Davidson responds to the Defendant's Statement of Material Facts, as follows:[1]

    1.    Not disputed for purposes of pending summary judgment motion.

    2.    Not disputed for purposes of pending summary judgment motion.

    3.    Not disputed for purposes of pending summary judgment motion.

    4.    Not disputed for purposes of pending summary judgment

    5.    Not disputed for purposes of pending summary judgment motion.

    6.    Not disputed for purposes of pending summary judgment motion.

    7.    Disputed in that Mr. Davidson could only roughly recall the amount of time out of work for an injury sustained in the mid 1990s, prior to PFG's

---

[1] The citations are to the Plaintiff's Statement of Facts Pursuant to Local Rule 56.1 as to Which There Exists A Genuine Issue to be Tried (hereafter, "Pl. SOF ¶__.)

purchasing of defendant SFC's operations.  (Defendant's Statement ¶1; Pl. SOF ¶ 7.)

8.  Not disputed for purposes of pending summary judgment motion.

9.  Disputed in that PFG required increased productivity by its employees and had less regard for safety. (Pl. SOF ¶ 76.)

10. Disputed in that throughout his tenure with defendants, Mr. Davidson received merit and other wage increases.  (Pl. SOF ¶ 14.)

11. Not disputed for purposes of pending summary judgment motion.

12. Not disputed for purposes of pending summary judgment motion.

13. Not disputed for purposes of pending summary judgment motion.

14. Disputed in that it was appropriate for an employee to leave a voicemail message for his supervisor to let them know if he was not coming in to work if an employee could not speak with his supervisor directly, which was often the case. (Pl. SOF ¶ 46.)

15. Disputed in that the no-call no show policy was not revised, was a three-day no-call no-show policy at the time of Mr. Davidson's termination and any alleged change was not publicized to anyone at defendants. (Pl. SOF ¶ ¶ 61-74.)

16. Disputed in that routinely at and around the time that Mr. Davidson was terminated other employees were terminated for three day no-call no show. (Pl. SOF ¶ 73.)

17. Not disputed for purposes of pending summary judgment motion.

18. Not disputed for purposes of pending summary judgment motion.

19. Disputed in that Mr. Davidson called in to work on April 28, 2003. (Pl. SOF ¶ 27.)

20. Not disputed for purposes of pending summary judgment motion.

21. Disputed in that Mr. Davidson was in excruciating pain when he went to see the doctor and the nurse at Dr. Magnus' office told Mr. Davidson that she would immediately fax the information to defendants rather than him reporting to work, which she did. (Pl. SOF ¶ 35.)

22. Not disputed for purposes of pending summary judgment motion.

23. Not disputed for purposes of pending summary judgment motion.

24. Disputed in that when Mr. Davidson awoke on May 1, 2003, he was incapacitated, in severe pain, groggy and discombobulated. Disputed in that Mr. Davidson did not telephone the doctor "right after" waking up to report his pain to the doctor. (Pl. SOF ¶¶ 40-43.)

25. Disputed in that Mr. Davidson called in to work on May 2, 2003. (Pl. SOF ¶ 44-46.)

26. Disputed in that Mr. Davidson was unable to get a note for work on May 2, 2003, as Dr. Magnus and his staff were out of the office on that day. (Pl. SOF ¶ 43.)

27. Disputed in that Mr. Davidson did go to his physical therapy appointment in the afternoon of May 2, 2003, believes he asked for a note on that day but was unable to get a note for work on May 2, 2003, as Dr. Magnus and his staff were out of the office on that day. (Pl. SOF ¶ 43, 48.)

28. Disputed in that Mr. Davidson called in to work on May 2, 2003. (Pl. SOF ¶¶ 44-46.)

29. Disputed in that Mr. Davidson was terminated on May 2, 2003, for violating the alleged two-day no-call no-show policy. (Pl. SOF ¶ 92.)

30. Disputed in that Mr. Davidson made repeated attempts to speak with Mr. Pagan by leaving daily messages, spoke with Ms. Szaban on one occasion and no one called him from the company at all when he was out of work. It is defendants preferred practice to call employees who are out of work for an injury who do not call or show for work, which was not done with Mr. Davidson. (Pl. SOF ¶¶ 49, 50, 51, 87.)

31. Undisputed in that the letter was mailed on May 5, 2003. Disputed in that the reasons are a pretext. (Pl. SOF ¶¶ 92-94.)

32. Not disputed for purposes of pending summary judgment motion.

33. Disputed in that defendants replaced Mr. Davidson with a man named Santos who did not have a disability, nor a work related injury, nor did Santos file a workers' compensation claim or request a reasonable accommodation. (Pl. SOF ¶ 95.)

34. Not disputed for purposes of pending summary judgment motion.

35. Disputed in that numerous employees were terminated for three day no-call no-show at and around the time that Mr. Davidson was terminated for an alleged two day no-call no show policy, including Carlos Sanchez who was terminated for three day no call no show the same day that Mr. Davidson was terminated. (Pl. SOF ¶ 73.)

36. Disputed in that numerous employees were terminated for three day no-call no-show at and around the time that Mr. Davidson was terminated for an alleged two day no-call no show policy, including Carlos Sanchez who was terminated for three day no call no show the same day that Mr. Davidson was terminated. (Pl. SOF ¶ 73.)

37. Disputed in that there was never any two-day no call no show policy at defendants. (Pl. SOF ¶¶ 61, 63, 64, 68, 72, 73, 74.)

38. Not disputed for purposes of pending summary judgment motion.

39. Disputed in that Mr. Davidson did all that was required of him to alert his employer to his need for FMLA leave and his employer utterly failed in its responsibilities. (Pl. SOF ¶¶ 78-82, 90, 92.)

40. Not disputed for purposes of pending summary judgment motion.

41. Disputed in that Mr. Davidson was terminated from employment and could not return to work. (Pl. SOF ¶¶ 83-94.)

42. Disputed in that Mr. Davidson filed a workers' compensation claim after he was terminated. Mr. Davidson alerted Mr. Pagan he had a work related injury on April 25, 2003, and on April 28, 2003 provided all the necessary information for Ms. Szaban to process his claim and file a Notification of Injury. In fact, she never called him again seeking additional information. (Pl. SOF ¶¶ 27-33, 49)

43. Disputed in that once PFG purchased operations it was focused on decreasing the number of days out for its employees due to injury and, generally

on increased productivity by each worker and to its employees seemingly had less regard for individual health and safety. (Pl. SOF ¶ 76.)

    44.    Disputed in that it has not promoted individuals with multiple workers' compensation injuries.

    45.    Disputed in that once PFG purchased operations it was focused on decreasing the number of days out for its employees due to injury and, generally on increased productivity by each worker and to its employees seemingly had less regard for individual health and safety. (Pl. SOF ¶ 76.)

    46.    Not disputed for purposes of pending summary judgment motion.

    PLAINTIFF VERNE DAVIDSON
    By:

      /s/ Suzanne Garrow
    His attorney
    Suzanne Garrow BBO# 636548
    Heisler, Feldman, McCormick
      & Garrow, PC
    1145 Main Street, Ste. 508
    Springfield, MA 01103
    sgarrow@comcast.net
    Phone (413) 788-7988

Dated: January 3, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

    /s/ Suzanne Garrow
    Suzanne Garrow