UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERNE DAVIDSON,<br><br>           Plaintiff,<br><br>vs.<br><br>SPRINGFIELD FOOD SERVICE CORP. and PERFORMANCE FOOD GROUP,<br><br>           Defendants. | CIVIL ACTION NO. 05-30094-MAP |

## DEFENDANTS' RESPONSE TO PLAINTFF'S STATEMENT OF DISPUTED FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED

1. Not disputed for purposes of the pending motion for summary judgment.

2. Not disputed for purposes of the pending motion for summary judgment.

3. Admitted.

4. Admitted.

5. Not disputed for purposes of the pending motion for summary judgment.

6. Not disputed for purposes of the pending motion for summary judgment.

7. Admitted.

8. Not disputed for purposes of the pending motion for summary judgment.

9. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

10. Not disputed for purposes of the pending motion for summary judgment.

11. Admitted.

12. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

13. Admitted.

14. Not disputed for purposes of the pending motion for summary judgment.

15. Not disputed for purposes of the pending motion for summary judgment.

16. Not disputed for purposes of the pending motion for summary judgment.

17. Not disputed for purposes of the pending motion for summary judgment.

18. Not disputed for purposes of the pending motion for summary judgment.

19. Not disputed for purposes of the pending motion for summary judgment.

20. Not disputed for purposes of the pending motion for summary judgment.

21. Not disputed for purposes of the pending motion for summary judgment.

22. Not disputed for purposes of the pending motion for summary judgment.

23. Not disputed for purposes of the pending motion for summary judgment.

24. Not disputed for purposes of the pending motion for summary judgment.

25. Not disputed for purposes of the pending motion for summary judgment.

26. Not disputed for purposes of the pending motion for summary judgment.

27. Not disputed for purposes of the pending motion for summary judgment.

28. Not disputed for purposes of the pending motion for summary judgment.

29. Admitted.

30. Admitted.

31. Not disputed for purposes of the pending motion for summary judgment.

32. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

33. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

34. Not disputed for purposes of the pending motion for summary judgment.

35. Not disputed for purposes of the pending motion for summary judgment.

36. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

37. Admitted.

38. Defendants dispute that Vicodin is "strong" because that assertion is unsupported by Plaintiff's citation to the record. Even if accepted as true, however, no *material* dispute of fact is created. The remaining assertions are admitted.

39. Admitted.

40. Not disputed for purposes of the pending motion for summary judgment.

41. Not disputed for purposes of the pending motion for summary judgment.

42. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

43. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

44. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

45. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

46. Not disputed for purposes of the pending motion for summary judgment.

47. Admitted.

48. Admitted.

49. Admitted.

50. Defendants dispute that Mr. Pagan did not contact Mr. Davidson because that assertion is unsupported by Plaintiff's citation to the record. Even if accepted as true, however, no *material* dispute of fact is created. The remaining assertions are admitted.

51. Not disputed for purposes of the pending motion for summary judgment.

52. Not disputed for purposes of the pending motion for summary judgment.

53. Not disputed for purposes of the pending motion for summary judgment.

54. Not disputed for purposes of the pending motion for summary judgment.

55. Admitted.

56. Not disputed for purposes of the pending motion for summary judgment.

57. Admitted.

58. Not disputed for purposes of the pending motion for summary judgment.

59. Admitted.

60. Admitted.

61. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

62. Admitted.

63. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

64. Not disputed for purposes of the pending motion for summary judgment.

65. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

66. Admitted.

67. Admitted.

68. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

69. Not disputed for purposes of the pending motion for summary judgment.

70. Not disputed for purposes of the pending motion for summary judgment.

71. Not disputed for purposes of the pending motion for summary judgment.

72. Defendants dispute that its two-day, "No call, No show" was not in effect at the time of Plaintiff's termination because that assertion is unsupported by Plaintiff's citation to the record. Even if accepted as true, however, no *material* dispute of fact is created. Defendants admit that its two-day, "No call, No show" was not distributed to employees in writing by the time of Plaintiff's termination.

73. Defendants dispute that its two-day, "No call, No show" was not in effect at the time of Plaintiff's termination because that assertion is unsupported by Plaintiff's citation to the record. Even if accepted as true, however, no *material* dispute of fact is created.

74. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

75. Not disputed for purposes of the pending motion for summary judgment.

76. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

77. Not disputed for purposes of the pending motion for summary judgment.

78. Not disputed for purposes of the pending motion for summary judgment.

79. Defendants dispute that "[a]t no point was Mr. Davidson made aware of his rights under the FMLA..." because that assertion is unsupported by Plaintiff's citation to the record. Even if accepted as true, however, no *material* dispute of fact is created. Defendants admit, however, that neither Messr. Agganis and Brunault nor Ms. Szaban provided Mr. Davidson with information regarding the FMLA or a medical certification after his April 24, 2003 injury.

80. Admitted.

81. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

82. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

83. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

84. Not disputed for purposes of the pending motion for summary judgment.

85. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

86. Not disputed for purposes of the pending motion for summary judgment.

87. Not disputed for purposes of the pending motion for summary judgment.

88. Not disputed for purposes of the pending motion for summary judgment.

89. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

90. Not disputed for purposes of the pending motion for summary judgment.

91. Admitted.

92. Admitted.

93. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

94. Defendants admit that it could have ignored Plaintiff's misconduct altogether or could have imposed discipline other than termination but that they chose not to do either.

95. Disputed because it is unsupported by Plaintiff's citation to the record. Even if accepted, no *material* dispute of fact is created.

                    Respectfully Submitted,

                    /s/ Timothy Murphy
                    Timothy Murphy, Esq.
                    BBO #556429
                    Counsel for Defendants
                    Skoler, Abbott & Presser, P.C.
                    One Monarch Place, Suite 2000
                    Springfield, Massachusetts 01144
Dated: January 8, 2007      Tel.: (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Response To Plaintiff's Statement Of Disputed Facts As To Which There Is A Genuine Issue To Be Tried* was served upon the attorney of record for each other party via electronic filing on January 8, 2007.

                    /s/ Timothy Murphy
                    Timothy Murphy, Esq.